a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| DALTON J. JAQUILLARD #629605, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05755 SEC P |
|---|---|
| VERSUS | JUDGE DRELL |
| PAT BOOK, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is the civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Dalton J. Jaquillard ("Jaquillard"). Jaquillard is incarcerated that the Grant Parish Detention Center in Colfax, Louisiana. He alleges that his constitutional rights were violated at when he was incarcerated at the Catahoula Correctional Center ("CCC"). Jaquillard names as Defendants: Warden Pat Book, Lt. Donte, Captain Stot, Sherriff Tony Edwards, Sgt. Ratcliff, Nurse Jane Doe, and Major Lea. ECF No. 1 at 3.

Because Jaquillard must allege additional factual allegations to support his claims, he must AMEND the Complaint.

I.  Background

Jaquillard alleges that on January 7, 2022, he was brutally attacked, beaten, and stabbed by several other offenders in his dorm. ECF No. 1 at 3. Jaquillard asserts that he was "forced to remain" in the dorm with the assailants for two days

following the attack. On January 9, 2022, Jaquillard was able to leave the dorm. He had a friend contact his sister to try and secure his safety and medical care. *Id.*

Jaquillard alleges that Lt. Donte refused to provide medical care despite Jaquillard's face being "severely swollen" and "bleeding profusely." ECF No. 1 at 3. Instead, Lt. Donte "locked [Jaquillard] in a cell" without a mattress or blanket, forcing him to remain in "blood soaked clothes." ECF No. 1 at 5.

On January 10, 2022, Jaquillard got the attention of Captain Stot, who had the medical department examine Jaquillard. *Id.* A nurse took photos of Jaquillard's injures and sent them to a physician who ordered that Jaquillard be transported to LaSalle General Hospital. *Id.* At the hospital, a CT scan indicated "severe" facial fractures. ECF No. 1 at 5.

Jaquillard was transported back to CCC where he updated Maj. Lea about his injuries. Maj. Lea instructed that Jaquillard be placed in the trustee dorm and provided him the head baker job. Jaquillard alleges these decisions were made in hopes that Jaquillard did not take legal action. ECF No. 1 at 5.

On February 25, 2022, Jaquillard was transferred to Grant Parish Detention Facility so that he could obtain additional medical care from Ochsner in Shreveport.

Jaquillard alleges that he suffers numbness, unbearable pain, loss of vision, nerve damage, twitching, migraines, and nausea.

II. Law and Analysis

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Jaquillard seeks monetary damages from Warden Book, Lt. Donte, Captain Stot, Sherriff Tony Edwards, Sgt. Ratcliff, Nurse Jane Doe, John Doe, and Major Lea. However, his allegations indicate that he was only denied medical treatment by Lt. Donte.

Jaquillard claims that Defendants failed to protect him from harm, but he does not state to whom he made requests to be removed from the dorm.

Thus, Jaquillard must amend to provide:

(1) the name(s) of EACH person who allegedly violated his constitutional rights;

(2) a description of what EACH Defendant did to violate his rights;

(3) the place and date(s) that EACH event occurred, including the dates on which he requested medical care and to whom each request was made and denied; and

(4) the dates on which he requested to be moved from J-Dorm; to whom the request was made; and the reasons that were provided in the request.

Finally, Jaquillard should state what injuries he allegedly suffered from the two-day delay in obtaining medical treatment.

### III. Conclusion

Because Jaquillard must provide additional information to support his claims, IT IS ORDERED that he AMEND the Complaint (ECF No. 1) within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, December 5, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE