a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DALTON J. JAQUILLARD #629605,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05755<br>SEC P |
| VERSUS | JUDGE DRELL |
| PAT BOOK, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Dalton J. Jaquillard ("Jaquillard"). Jaquillard is incarcerated that the Concordia Correctional Center in Ferriday, Louisiana. He alleges that his constitutional rights were violated when he was incarcerated at the Catahoula Correctional Center ("CCC"). Jaquillard names as Defendants: Warden Pat Book, Lt. Donte, Captain Stott, Sheriff Tony Edwards, Sgt. Ratcliff, Nurse Jane Doe, Major Lea, Officer Sammy, Nurse Robin, and CCC. ECF No. 1 at 3, No. 6 at 1.

Because Jaquillard fails to state a claim for which relief can be granted against Sheriff Edwards, Nurse Robin, Captain Stott, Warden Book, and CCC, IT IS RECOMMENDED that the claims against those Defendants only be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Jaquillard alleges that he was brutally attacked, beaten, and stabbed by several other offenders in his dorm on January 7, 2022. ECF No. 1 at 3. Jaquillard

1

asserts that he notified Officer Sammy that he was about to be attacked, and requested to be moved, but Officer Sammy refused. ECF No. 6 at 1. Following the attack, Officer Sammy also refused to let Jaquillard receive medical care. *Id.* at 2.

Jaquillard alleges that he was "forced to remain" in the dorm with the assailants for two days following the attack. On January 9, 2022, Jaquillard refused to return to the dorm after another inmate tried to stab him. ECF No. 6 at 2. Officer Sammy called Lt. Donte who also refused to obtain medical care for Jaquillard despite his face being "severely swollen" and "bleeding profusely." ECF No. 1 at 3. Instead, Lt. Donte "locked [Jaquillard] in a cell" without a mattress or blanket, forcing him to remain in "blood soaked clothes." ECF No. 1 at 5.

Jaquillard asked Sgt. Ratcliff for medical care and for a mattress and blanket. ECF No. 6 at 2. Sgt. Ratcliff ignored the requests and threatened Jaquillard with pepper spray. ECF No. 6 at 2.

On January 10, 2022, Jaquillard got the attention of Captain Stott, who had Jaquillard examined by the medical department. *Id.* Nurse Robin examined Jaquillard and took photos of his injures. The prison doctor had Jaquillard transported to LaSalle General Hospital. *Id.* Jaquillard alleges that a CT scan indicated "severe" facial fractures. ECF No. 1 at 5.

Jaquillard was transported back to CCC where he updated Maj. Lea about his injuries. Maj. Lea instructed that Jaquillard be placed in the trustee dorm and provided him the head baker job. ECF No. 1 at 5. Jaquillard asserts that Maj. Lea forced him to work the following day despite his injuries. *Id.*

2

On February 25, 2022, Jaquillard was transferred to Grant Parish Detention Facility so that he could obtain additional medical care from Ochsner in Shreveport.

Jaquillard alleges that he suffers numbness, unbearable pain, loss of vision, nerve damage, twitching, migraines, and nausea as a result of the failure to protect and delay in obtaining medical care. ECF No. 1.

## II. Law and Analysis

### A. Jaquillard's Complaint is subject to preliminary screening.

Because Jaquillard is suing a governmental entity and proceeding in forma pauperis, his Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A and § 1915(e)(2). Both provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. <u>Jaquillard fails to state a claim against certain Defendants.</u>

1. <u>CCC</u>

Jaquillard names as Defendants Sheriff Edwards, Nurse Robin, Captain Stott, Warden Book, and CCC. First, CCC is a limited liability company.[1] Just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private company is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir.2003). A private corporation is liable under § 1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." *Id*. Jaquillard has not alleged that an official policy or custom of CCC was the "moving force" behind its employee's alleged deprivation of his civil rights. Therefore, his complaint against CCC should be dismissed.

2. <u>Sheriff Edwards</u>

Jaquillard also fails to state a claim against Sheriff Edwards. A suit against an officer in his official capacity is the same as a suit against the entity of which the officer is an agent. Therefore, a suit against Sheriff Edwards in his official capacity is essentially a suit against the parish. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A city or parish may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v.*

---

[1] https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=498880_DB9207A29A

*Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006).

Jaquillard does not identify any policy or custom enforced by Sheriff Edwards that caused a constitutional deprivation. Jaquillard does not allege a constitutional violation by Sheriff Edwards in his individual capacity, either. He does not claim that Sheriff Edwards had any knowledge of a threat to Jaquillard prior to the attack or knew of his need for medical treatment.

### 3. Captain Scott and Nurse Robin

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The only allegation against Captain Stott is that she had Jaquillard transported to the medical department as soon as Jaquillard informed her of his need. Thus, Captain Stott did not ignore Jaquillard's medical needs. Likewise, there are no allegations of deliberate indifference against Nurse Robin. Jaquillard

asserts that Nurse Robin took photos of his injuries and sent them to the physician to obtain further medical care. He does not allege that she refused to treat him or ignored his complaints.

####    4.    Warden Book

Finally, Jaquillard alleges that Warden Book was made aware of his need for medical care by Jaquillard's sister on January 10, 2022, but he ignored the concern. However, Jaquillard also alleges that he was transported to the hospital that same date. Thus, even if Warden Book ignored the information provided by Jaquillard's sister, he still obtained medical care that same date. Therefore, Jaquillard did not suffer any injury as related to Warden Book's actions.

### III.    Conclusion

Because Jaquillard fails to state a claim against Sheriff Edwards, Nurse Robin, Captain Stott, Warden Book, and CCC, IT IS RECOMMENDED that the claims against those Defendants only be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) an 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, May 10, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE