a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DALTON J JAQUILLARD #629605, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05755 SEC P |
| VERSUS | JUDGE DRELL |
| PAT BOOK ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion for Release of Medical Records (ECF No. 7) and Motion to Appoint Counsel (ECF No. 10) filed by pro se Plaintiff Dalton J. Jaquillard ("Jaquillard") with respect to his pending civil rights action.

Because Jaquillard is not entitled to court-appointed counsel or the production of medical records at this time, his Motions (ECF No. 7, 10) are DENIED.

I. Background

Jaquillard asks that the Court appoint counsel to represent him and provide him with copies of his medical records.

II. Law and Analysis

Civil litigants do not have an automatic right to appointed counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Cain*, F.2d 1235, 1242 (5th Cir.1989). Nor is there a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the Court's

discretion to appoint counsel unless the case presents "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).[1]

It has been recommended that Jaquillard's claims against Sheriff Edwards, Nurse Robin, Captain Stott, Warden Book, and the Catahoula Correctional Center be denied and dismissed with prejudice. ECF No. 12. If the Report and Recommendation is adopted by the District Judge, the Complaint will be served on the remaining Defendants, and the Court will order the production of medical records.

Jaquillard does not demonstrate that his claim is complex or that he is unable to adequately investigate and present his claim to the Court, despite his incarceration. Additionally, no hearing has been scheduled.

### III. Conclusion

Therefore, IT IS HEREBY ORDERED that Jaquillard's Motion to Appoint Counsel (ECF No. 10) and Motion for Release of Medical Records (ECF No. 7) are DENIED.

SIGNED on Monday, May 15, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] There is no "comprehensive definition of exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Some factors to consider in determining whether exceptional circumstances exist include: (1) the type and complexity of the case; (2) whether plaintiff is capable of adequately presenting his case; (3) whether plaintiff is able to investigate adequately the case; and (4) whether the evidence will consist largely of conflicting testimony so to require skill in the presentation of evidence and cross examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Gonzalez v. Carlin*, 907 F.2d 573, 579-80 (5th Cir. 1990).